UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CASE NO. 1:22-cv-00489

REBECCA DAY, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

TRACTOR SUPPLY COMPANY,

    Defendant.
_____/

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE ROEMER'S REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

I. INTRODUCTION & BACKGROUND ........................................................................... 1
II. ARGUMENT ..................................................................................................................... 2
   a. Plaintiff And The Putative Class Did Not Suffer An Injury-In-Fact Because TSC Paid Its Manual Workers Bi-Weekly. ............................................ 2
   b. Plaintiff Does Not Have A Private Right Of Action Under NYLL § 191. ........... 5
   c. Plaintiff Cannot Recover Liquidated Damages For A Violation of NYLL § 191. ........................................................................................................ 10
III. CONCLUSION ................................................................................................................ 13

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Konkur v. Utica Acad. of Sci. Charter Sch.*,
    38 N.Y.3d 38, 185 N.E.3d 483 (2022) ............................................................................7, 8, 9

*Michalski v. Home Depot, Inc.*,
    225 F.3d 113 (2d Cir. 2000) ............................................................................................................8

*Rath v. Jo-Ann Stores, LLC*,
    21-CV-791S, 2022 WL 17324842 (W.D.N.Y. Nov. 29, 2022) ..........................................9, 10

*Vega v. CM & Assoc. Constr. Mgmt., LLC*,
    175 A.D.3d 1145-46 (1st Dep't 2019) ...................................................................... passim

**Statutes**

FLSA ..................................................................................................................................11

New York Labor Law ...........................................................................................................11

New York Labor Law § 191 ..................................................................................... passim

New York Labor Law § 191(1)(a)(i) ......................................................................................5

New York Labor Law § 191(1)(a)(ii) .............................................................................1, 3, 4, 5

New York Labor Law § 191—a .............................................................................................12

New York Labor Law § 191 and § 198(1-a) .........................................................................9

New York Labor Law §§ 197,199-a, 218 .............................................................................12

New York Labor Law § 198 ..................................................................................... passim

New York Labor Law § 198(1-a) ...........................................................................................11

New York Labor Law § 218 ..................................................................................... passim

New York Labor Law § 218 (1) .......................................................................................12, 13

**Other Authorities**

*N.Y.S. Dep't of Lab. Opinion Ltr.*, File No. R-07-0041 .......................................................7, 11, 12

iii

*Ribble (d/b/a Perfecto Cleaners)*, PR No. 06-038, 039 (Indus. Bd. of Appeals, Dec. 19, 2007) ...... .................................................................................................................................... 12,13

Defendant, Tractor Supply Company ("TSC" or "Defendant"), by and through undersigned counsel, hereby files this Objection to Magistrate Judge Michael J. Roemer's Report and Recommendation, dated December 1, 2022, and states as follows:

## I.     INTRODUCTION & BACKGROUND

On December 1, 2022, Magistrate Judge Michael J. Roemer issued his Report and Recommendation (hereinafter referred to as "R&R") [ECF No. 25] recommending that the Court deny TSC's Motion to Dismiss Plaintiff's Complaint (the "Motion").  The R&R found that Plaintiff satisfied Article III standing because her claimed injury, being paid bi-weekly versus weekly, constitutes an injury-in-fact.  *See* R&R at 8.  Further, the R&R found that Plaintiff can pursue a private cause of action for an alleged violation of New York Labor Law ("NYLL") § 191 and recover liquidated damages—not civil penalties or interest—based on the court's holding in *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 175 A.D.3d 1145-46 (1st Dep't 2019).  *See* R&R at 15.  The R&R failed to address key arguments made by TSC in its Motion and Reply as to why Plaintiff cannot maintain a cause of action for a violation of NYLL § 191 against TSC.

First, the R&R does not cite to any legal authority or provide an explanation as to how Plaintiff and the putative class showed they have suffered an injury-in-fact to satisfy Article III standing given the irrefutable fact that the New York Department of Labor (the "DOL") Commissioner reviewed TSC's pay practices during the relevant period and then granted authorization to TSC to pay its manual workers bi-weekly pursuant to NYLL § 191(1)(a)(ii).  If in fact paying workers bi-weekly instead of weekly created an actual harm or injury to those workers, the DOL would not have granted the exemption allowing TSC (or any other employer for that matter) to pay manual workers bi-weekly, and certainly would not choose to look past the fact that a business was paying its workers bi-weekly for years prior to the request for exemption.  The authorization by the DOL mandates the conclusion that TSC's workers have not and are not

suffering an injury-in-fact because they have received and continue to receive their wages bi-weekly versus weekly. As such, Plaintiff's claim that she was harmed because she was temporarily deprived of the "time value of money" by one week is without merit.

Second, the R&R does not cite to any case law to support its finding that a private cause of action exists for a violation of NYLL § 191 after an employer is granted an exemption from the requirement to pay manual workers on a weekly basis. The R&R asserts, without support, that the DOL's authorization is forward-looking only and does not have any retroactive effect. *See* R&R at 9-10. None of the cases cited in *Vega*, by Judge Roemer, or by Plaintiff address whether a private action for liquidated damages can be maintained after an employer receives an exemption. Further, the R&R adopts the rationale and holding of *Vega* that improperly found NYLL § 198 and NYLL § 191 *expressly* provide a private cause of action for late payment of wages when in fact a straightforward reading of the applicable provisions make it clear that there is no express private cause of action.

Lastly, as discussed *infra*, NYLL § 218, a May 8, 2007 Department of Labor Opinion letter, and a Department of Labor Resolution Decision dated December 19, 2007, clearly support that an order for civil penalties and interest from the DOL Commissioner and **not liquidated damages** is the proper and sole remedy for a violation of NYLL § 191. The R&R fails to address this critical point in the Motion.

For these reasons, TSC respectfully asks this Court to not adopt Judge Roemer's R&R and to dismiss Plaintiff's Complaint.

## II. ARGUMENT

### a. Plaintiff And The Putative Class Did Not Suffer An Injury-In-Fact Because TSC Paid Its Manual Workers Bi-Weekly.

The R&R incorrectly found that Plaintiff and the putative class have demonstrated they suffered an injury-in-fact, and, therefore, incorrectly found that Plaintiff satisfies the Article III standing requirement. TSC argued in the Motion that Plaintiff's claimed injury of "being temporarily deprived of money owed to her," such that "[Plaintiff] could not invest, earn interest on, or otherwise use [] monies" was too speculative and hypothetical to be an injury-in-fact and Plaintiff failed to articulate with any level of specificity how being paid on a bi-weekly basis affected her (and the putative class) "in a[ny] personal and individual way" as required by controlling precedent. *See* Motion at 12 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 342 (2016)). TSC further argued in its Reply [ECF No. 17] that Plaintiff failed to cite to any case law in the Opposition to show she has the right to recover liquidated damages from TSC in a private cause of action after the DOL authorized TSC to pay its manual workers bi-weekly. *See* Reply at 10.

As a preliminary matter, it is undisputed that Plaintiff is only claiming she was injured from June 24, 2016 (the beginning of the six year statutory period) up until September 16, 2019 when the DOL granted authorization to TSC to pay its manual workers on a bi-weekly basis. *See* Compl. ¶ 6; *see also* R&R at 10. Judge Roemer's assertion that Plaintiff's limitation to a "time period before the DOL granted an exemption to the law fully rebuts TSC's argument that it was authorized to make less frequent payments" misses TSC's argument. *See* R&R at 10. TSC does not argue in the Motion or in its Reply that it was authorized to make bi-weekly payments before the DOL granted the exemption in September 2019. TSC's position is that NYLL § 191 (1)(a)(ii) allows large employers to apply for an exemption from the requirement to pay manual workers weekly so long as the employer furnishes satisfactory proof to the DOL's Commissioner that the

3

employer can *continue* to meet its payroll responsibilities." *See* NYLL § 191(1)(a)(ii) (emphasis added).

NYLL § 191 (1)(a)(ii) expressly contemplates that certain manual workers—workers that work for large employers—do not have to be paid on a weekly basis because they work for a large employer who has met the payroll statutory requirements. The Legislature intentionally carved out an exception to allow large employers who employ 1,000 or more employees to pay employees less frequently if the employer submits financial payroll documents up to three years preceding the application to the Commissioner and shows it has the ability to issue payroll. *See* NYLL § 191(1)(a)(ii). [1] ***By excluding manual workers who work for large employers from the requirement to be paid weekly under Section 191(1)(a)(ii), the Legislature's actions reveal that these manual workers would not be harmed if they are paid bi-weekly***. TSC's exclusion from the requirement to pay its manual workers weekly through the Commissioner's authorization clearly shows TSC's employees are not suffering a legal cognizable harm or injury-in-fact if they are paid bi-weekly. Put another way, the Commissioner would not have granted authorization to TSC if the Commissioner found Plaintiff and the putative class were injured, or would be injured by TSC paying them bi-weekly.

The R&R states that "the Court rejects TSC's assertion that its payroll practices prior to September 2019 were retroactively sanctioned by the DOL because the Commissioner's 2019

---

[1] The criteria that a large employer must meet in order to obtain an exemption includes: (1) the employer's history meeting its payroll responsibilities in New York state or if no such history in New York state is available, other financial information, as requested by the commissioner, which will assist the commissioner in determining the likelihood of the employer's continuing ability to meet payroll responsibilities; (2) proof of the employer's coverage for workers' compensation and disability; (3) proof that there are no outstanding warrants on the department of taxation and finance or the department of labor; (4) proof that the employer has a computerized record keeping system for payroll that specifies hours worked, rate of pay, gross wages, deductions, and date of pay for each employee. These criteria make it clear that the harm that NYLL § 191 was seeking to protect against was not that manual workers would lose the "time value" of money by not being paid weekly, but rather that a business that was not financially stable and was not paying its workers on a weekly basis, would go out of business and that the manual workers would not receive the pay they were owed for work performed. *See* NYLL § 191(1)(a)(ii).

4

authorization was based on review of three years of payroll records" and that the Court "will not speculate as to the DOL's reasons for granting or denying bi-weekly pay authorization to any employer at any point in time." *See* R&R at 10, n. 5. Prior to granting TSC an exemption, the Commissioner was required to review TSC's payroll documentation for the three years preceding TSC's application, dating back to 2016. *See* NYLL § 191(1)(a)(ii). Yet the DOL still granted TSC an exemption from the requirements of NYLL § 191(1)(a)(i). This does not require speculation. It is an irrefutable fact.

The R&R does not consider that the Legislature contemplated the payroll concerns NYLL § 191(1)(a)(i) was intended to protect against and determined that employees working for a large employer who has the ability to show that it will pay its employees and meet payroll responsibilities are not harmed by being paid bi-weekly. Clearly, the intent of NYLL § 191(1)(a)(i) is to protect manual workers working for an employer who may have real issues meeting payroll – particularly payroll covering several weeks of work. It is undisputed that TSC paid its workers in full every two weeks and that the DOL determined that TSC could continue to do so and that this payroll practice would not harm its manual workers.

None of the cases cited by Judge Roemer in the R&R and by Plaintiff in the Opposition address the NYLL § 191(1)(a)(ii) exemption and whether a manual worker who works for a large employer that is ultimately exempted from the requirement to pay its manual workers on a weekly basis suffered a concrete harm by being paid bi-weekly prior to such exemption. For these reasons, Plaintiff cannot satisfy Article III standing requirements and the Complaint must be dismissed on this ground.

      **b.**  **Plaintiff Does Not Have A Private Right Of Action Under NYLL § 191.**

Further, Judge Roemer's finding that a private right of action exists under NYLL § 191 and that Plaintiff and the putative class may recover liquidated damages under NYLL § 198

contradicts the statutory scheme of Article 6.  The R&R follows *Vega's* flawed reasoning in finding that a manual worker can recover liquidated damages against an employer for an alleged violation of NYLL § 191.

Judge Roemer noted in the R&R that Plaintiff submitted an October 28, 2010 "Request for Opinion-Direct Deposit, Meal Breaks, Child Labor" DOL Opinion letter that purports to state that NYLL § 191 is enforceable by a private right of action.  *See* R&R at 11.  In response to a question as to whether an employer can require employees to sign off on their weekly timesheets, the DOL answered in the letter that

> "[w]hile an employer can require an employee to sign off on their weekly timesheet, the employee's signature on a weekly timesheet neither relieves the employer of its obligations under *this Section*…nor does it prevent an employee from filing a complaint with this Department or bringing an action for a violation of *that* or any other section of the Labor Law."

*See*  ECF No. 14-8 at 5 (emphasis added).  The question to which the DOL was responding had nothing to do with whether there is a private right of action under NYLL § 191.  The vague reference in the DOL Opinion letter to "that or any other section" hardly addresses head-on the question of whether there is a private right of action under NYLL § 191.  Rather it is merely stating that if an employer does not pay its employee for work performed, the employee may sue the employer.  That principle is irrelevant to the issues in this case.

Furthermore, Judge Roemer disregards the May 8, 2007 "Request for Opinion Frequency of Payment-Labor Law § 191" DOL Opinion letter cited by TSC which confirms that violations of NYLL § 191 frequency of pay violations result in only *civil penalties* pursuant to NYLL § 218. *See id.*  The R&R does not explain why the May 8, 2007 DOL Opinion letter making clear that civil penalties issued by the DOL is the appropriate remedy for a violation of NYLL § 191 carries no weight while the October 28, 2010 Opinion letter provides support to find a private right of

6

action under NYLL § 191. Unlike the October 28, 2010 Opinion Letter, the May 8, 2007 Letter specifically addresses violations of NYLL § 191. The May 8, 2007 DOL Opinion letter clearly addresses the issue of an employer who is in violation of NYLL § 191 frequency of pay requirements and how penalties would be calculated by the DOL under NYLL § 218 for multiple violations. *See N.Y.S. Dep't of Lab. Opinion Ltr.*, File No. R-07-0041. There is no reference to NYLL § 198, an employee's right to pursue a cause of action for a violation of NYLL § 191, or a mention of an assessment of liquidated damages by the DOL against the employer. *See id.*

> The R&R also goes on to say that *Vega* held:
>
> even if Labor Law § 198 does not expressly authorize a private action for violation of the requirements of Labor Law § 191, *a remedy may be implied since plaintiff is one of the class for whose particular benefit the statute was enacted, the recognition of a private right of action would promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme*.

*See* R&R at 12; *see also Vega* at 1146 (emphasis added). However, as explained below, the *Vega* court's holding ignores that if the Legislature intended to create a private right of action under NYLL §191, it would have expressly provided for this in the statutory scheme as it did for other wage violations. *See Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38, 44, 185 N.E.3d 483, 488 (2022). NYLL § 198 has been amended numerous times since NYLL § 191 was enacted, yet the Legislature never amended NYLL § 198 to expressly provide for a private right of action of late payment of wages.

Judge Roemer simply writes "at this time, the *Vega* decision constitutes guidance from the highest state court to address this issue. This Court must follow the First Department's ruling in the absence of persuasive evidence that the New York State Court of Appeals would find differently." *See* R&R at 12. The R&R relies on a string of federal district court decisions that considered *Vega* and adopted its holding. *See id.* None of these

decisions considered whether a private right of action exists under NYLL § 191 against an employer that the DOL ultimately authorized to pay its manual workers bi-weekly. *See* R&R at 12-13. Moreover, the decision in *Vega* runs contrary to the Court of Appeals' reasoning in the later decided *Konkur* case. The R&R ignores TSC's argument that the New York Court of Appeals decision in *Konkur*, which was decided after *Vega*, shows that the highest state court would reach a different conclusion than that of the *Vega* court. The R&R simply states that *Konkur* did not specifically address NYLL § 191 and did not discuss *Vega*. *See* R&R at 15. There is no requirement that *Konkur* explicitly discuss and/or overrule *Vega* in order for this Court to find the highest state court would decide that a private right of action does not exist under NYLL § 191. Indeed, the Second Circuit has stated that persuasive data that may be considered in determining how the Court of Appeals would rule on an issue includes, "relevant case law from other jurisdictions on the same or analogous issues, scholarly writings in the field, and other resources available to the state's highest court [(statutory language, legislative history, and statutory scheme set in historical context, etc.)."] *See Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000). As discussed above and below, the statutory language and scheme along with case law precedence clearly shows the highest state court would find a result different from the holding in *Vega*.

The Court of Appeals held in *Konkur* that Article 6's statutory scheme expressly provides for "two robust enforcement mechanisms, indicating that the Legislature considered how best to effectuate its intent and provided the avenues for relief it deemed warranted," and stated it must "decline to find another enforcement mechanism beyond the statute's already comprehensive scheme. *See Konkur v. Utica Academy of Science Charter*

8

*Sch.*, 38 NY3d 38, 43 (2022).  It does not matter that *Konkur* concerned a different section of Article 6.  Just as in *Konkur*, the Legislature here established a comprehensive enforcement mechanism to address violations of NYLL § 191.  NYLL § 191 does not provide an express private right of action, and, as in *Konkur*, it would be "anomalous to infer from its silence" that the Legislature intended to create a private right of action where none exists.  *See Konkur*, at 43.  It follows that it was improper for the court in *Vega* to infer from NYLL § 198—which explicitly addresses situations where employees are paid "less than the wage to which he or she is entitled" and a recovery of the "full amount of any underpayment" does not expressly concern frequency of payment violations under NYLL § 191—that a private right of action exists for violations of that provision.

Further, the R&R states it agrees with the Court in *Rath* that the combination of NYLL § 191 and § 198(1-a) creates an "express private right of action for untimely wage payments."  *See* R&R at 15.  However, the *Rath* decision merely adopts *Vega*'s misplaced analysis.  *See generally Rath v. Jo-Ann Stores, LLC*, 21-CV-791S, 2022 WL 17324842 (W.D.N.Y. Nov. 29, 2022)(Skretny, W).  *Vega* found that an express private right of action existed based on the inclusion of the word "underpayment" in NYLL § 198 which was added to the statute in a 2010 amendment.  *See* NYLL§ 198.  The *Vega* decision rests on the proposition that a late payment of wages is an "underpayment" under NYLL§ 198 in order to then draw the conclusion that NYLL § 191 "expressly" provides a private cause of action.  *See generally Vega*.  But of course, that analysis actually makes it crystal clear that there was no express provision for a private right of action for a late wage payment under NYLL §191.  The term "late payment" is not used anywhere in NYLL§ 198.  Nor does NYLL§ 198 refer specifically to NYLL § 191, and NYLL § 191 does not provide for

9

a private right of action. NYLL§ 198 provides only that "[i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any *underpayment*…and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages…." (emphasis added). See NYLL § 198. It should be noted that if the court's reasoning in *Vega* is correct, then an employee would not have had a private right of action for late payment of wages under NYLL § 191 until 2010 when "underpayment" was added to NYLL § 198. But of course, there is no legislative history to show that was the legislative intent when that language was added. Thus, *Vega*'s analysis and the R&R's reliance on federal court decisions regarding the "legislative history" of NYLL § 191 and NYLL § 198 is flawed. The Court should not follow the *Vega* decision and Judge Roemer's adoption of *Vega*'s reasoning is not appropriate in this case.

        c.      **Plaintiff Cannot Recover Liquidated Damages For A Violation of NYLL § 191.**

Judge Roemer writes that liquidated damages are the appropriate remedy for a violation of NYLL § 191 and cites to Judge Skretny's decision in *Rath*, "[t]his Court recognizes TSC's concern [that liquidated damages would 'crush both large and small employers'] but nonetheless concludes, as recognized in *Vega*, that liquidated damages are the appropriate remedy for violations of Section 191." See R&R at 16; see also *Rath*, at *9. The Court in *Rath* simply cites to *Vega* that "liquidated damages *may* be available" and adds a brief footnote that the legislative history of the 1967 amendment to NYLL § 198 suggests that the purpose of that amendment was to impose "'stronger sanctions' to compel employer compliance." *Id.* (citing *Vega*, at 1146 and n2 (emphasis added)). Notably, the Court in *Vega* did not definitively state that liquidated damages are ***always an***

10

*available* remedy, but only that they *may* be available to employees. *See id.* (emphasis added). Despite the *Vega* court using the word "may," recent district courts decisions cited by Plaintiff and Judge Roemer incorrectly adopt the holding that a private right of action exists and liquidated damages are in fact available as a remedy. *See* R&R 12-13, 15-16.

In *Vega*, the court drew parallels between the FLSA liquidated damages provision and the NYLL liquidated damages provision and found there was "no meaningful difference as both were designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed." However, the *Vega* court did not address applying the NYLL § 198(1-a) remedies to a NYLL § 191 claim after the New York DOL Commissioner grants authorization to a large employer to pay workers on a bi-weekly basis or whether an employee is entitled to recover liquidated damages *after* authorization was granted. Indeed, the exemption under NYLL § 191 is unique and not addressed in any decisions cited by Plaintiff or in the R&R. Additionally, the *Vega* court did not address the existence of the DOL enforcement mechanism of civil penalty remedies under NYLL § 218 when it determined that there is a private right of action and liquidated damages available for a violation of NYLL § 191. Civil penalties and interest are the only remedies available for a violation of NYLL § 191.

As argued in the Motion, civil penalties and interest assessed by the DOL under NYLL § 218 are the only appropriate remedy for violations of NYLL § 191. The R&R does not address NYLL § 218. Nor does the R&R fully address the DOL Opinion letter in *N.Y.S. Dep't of Lab. Opinion Ltr.*, File No. R-07-0041 (dated May 8, 2007). As discussed *supra*, in the May 8, 2007 Opinion letter, the DOL states that upon a violation of NYLL § 191, an employer could face civil penalties and interest for violations of NYLL § 191 of up to $1,000, $2,000, or $3,000 for first, second, or third offenses as provided under NYLL § 218. The May 8, 2007 Opinion letter and the

*Ribble (d/b/a Perfecto Cleaners)*, PR No. 06-038, 039 (Indus. Bd. of Appeals, Dec. 19, 2007) Resolution Decision clearly show that violations of NYLL § 191 rest with the DOL Commissioner because the Commissioner can bring a civil action for penalties. *See* NYLL §§ 197,199-a, 218. In *Ribble*, the DOL Commissioner assessed a civil penalty in the amount of $1,000 pursuant to NYLL § 218 for a NYLL § 191 frequency of pay violation. The DOL did not impose a liquidated damages penalty nor is there any mention of a private cause of action available to the employee. If a NYLL § 191 violation claim was an "underpayment" permitting liquidated damages under NYLL § 198 as the *Vega* decision states, then the DOL would have been statutorily required to impose liquidated damages against the employer under NYLL § 218.

Further supporting TSC's position, NYLL § 218 and the DOL identify two different types of claims: (1) a wage claim that is based on a *failure* to pay "wages, benefits, or wage supplements found to be due …" and (2) a non-wage claim that is a violation "for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due…." *See* NYLL § 218 (1). If it's a "wage claim," the Commissioner must issue an order directing the employer to pay all wages, benefits, or wage supplements found to be due plus liquidated damages. *Id.* If it's a "non-wage claim" the only remedy is to direct payment to the commissioner of a civil penalty up to $3,000. *See id.* NYLL § 218 expressly excludes liquidated damages for non-wage claims. As evidenced by the May 8, 2007 Opinion letter and the *Ribble* decision, the Commissioner can solely assess penalties and interest if the employer failed to pay its manual workers weekly as required by NYLL § 191—a non-wage claim. *See N.Y.S. Dep't of Lab. Opinion Ltr.*, File No. R-07-0041 (dated May 8, 2007); *see also Ribble (d/b/a Perfecto Cleaners)*, PR No. 06-038, 039 (Indus. Bd. of Appeals, Dec. 19, 2007). If a NYLL § 191 claim was a wage claim, the DOL Commissioner would have been required to order the employer to pay liquidated damages in

*Ribble*. Therefore, it follows that late payment of wages to manual workers is clearly a non-wage claim that does not provide for a private right of action or liquidated damages. The *Vega* decision and the cases relied on by Judge Roemer do not address the key distinction between wage and non-wage claims under NYLL § 218 (1), the DOL enforcement mechanisms, and the DOL's position that civil penalties only should be imposed and **not liquidated damages** for a violation of NYLL § 191. For this reason, TSC objects to the R&R's reliance on *Vega* and its finding that Plaintiff and the putative class are entitled to recover liquidated damages from TSC for alleged violations of NYLL § 191.

### III.     CONCLUSION

For these reasons, and the reasons explained in Defendant's Motion to Dismiss, the Court should dismiss Plaintiff's Complaint in its entirety.

### L.R.Civ.P. 72(c) Certification

The undersigned certifies that the objections do not raise new legal/factual arguments that were not raised to the Magistrate Judge.

Dated: January 6, 2023                                             Respectfully submitted,

**AKERMAN LLP**

By:     */s/ Jeffrey A. Kimmel*
_____
Jeffrey A. Kimmel
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
(212) 880-3856
Jeffrey.kimmel@akerman.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused the Objections to the Report and Recommendation to be served on all counsel of record via CM/ECF.

                                              */s/ Jeffrey A. Kimmel*

                                              JEFFREY A. KIMMEL

Dated: January 6, 2023