UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REBECCA DAY, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

TRACTOR SUPPLY COMPANY,

    Defendants.

22-CV-489 (JLS) (MJR)

---

## DECISION AND ORDER

Plaintiff Rebecca Day alleges a putative class action claim against Defendant Tractor Supply Company under New York Labor Law § 191, based on Defendant's alleged failure to pay timely wages—specifically, failure to pay manual workers on a weekly basis between June 24, 2016 and September 16, 2019. *See* Dkt. 1. Day seeks to recover the amount of her untimely wages as liquidated damages, as well as attorney's fees and costs and pre- and post-judgment interest under New York law. *See id.* ¶ 21.

Defendant moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. 11. Day opposed the motion to dismiss. Dkt. 13; Dkt. 14. Defendant filed a reply. Dkt. 17. The Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 12.

After hearing oral argument on Defendant's motion, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court: (1) deny Defendant's motion to dismiss for lack of subject-matter jurisdiction; and (2) deny Defendant's motion to dismiss for failure to state a claim. Dkt. 25. Judge Roemer concluded that Day established Article III standing, and that a private right of action exists for Section 191 violations. *See id.*

Defendant objected to the R&R. Dkt. 29. It argues that: (1) the R&R did not cite authority to support concluding that Day has Article III standing, in light of the New York Department of Labor Commissioner's later authorization of Defendant's bi-weekly pay practice; (2) the R&R did not cite authority to support concluding that a private right of action exists for Section 191 violations where the employer later received authorization for its bi-weekly pay practices; and (3) 2007 guidance from the Department of Labor supports concluding that civil penalties, not liquidated damages, are available for Section 191 violations. *See id.* Day responded in opposition to these objections, and Defendant replied. Dkt. 30; Dkt. 31.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to deny Defendant's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. The Court will address liquidated damages issues, calculations, and counterarguments (including Defendant's Eighth Amendment arguments)—on the facts of this case and in light of actual, albeit late, payment of wages—at summary judgment or at trial.

For the reasons stated above and in the R&R, the Court DENIES Defendant's motion to dismiss (Dkt. 11). The Court refers this case back to Judge Roemer for further proceedings, consistent with the referral order at Dkt. 12.

SO ORDERED.

Dated:   March 17, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE